IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ZACHARY ELLIS, GREGORY WESTOVER, AND MEGAN CAMDEN, Individually and On Behalf of All Others Similarly-Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIKING ENTERPRISES, INC. d/b/a CITY AMBULANCE SERVICES, and MOHAMAD MASSOUD,<br><br>Defendants. | Civil Action No. 18-772 |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

For their Original Complaint against Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services, and Defendant Mohamad Massoud, Plaintiffs Zachary Ellis, Gregory Westover, and Megan Camden, Individually and On Behalf of All Others Similarly-Situated, show the following:

### Introduction

1. Plaintiffs bring this action under the Fair Labor Standards Act to recover unpaid wages, including unpaid overtime, for all hours worked. Plaintiffs were employed by Defendants as an EMTs/Paramedics, and for the durations of their employment, regularly worked extensive amounts of overtime (*i.e.*, hours over forty each week). Defendants violated the overtime provisions of the Fair Labor Standards Act by not paying Plaintiffs and other similarly-situated employees an overtime premium for hours worked over forty each week. Defendants also misclassified these EMTs and paramedics as "independent contractors" when

they were in fact employees.  Plaintiffs now sue for unpaid wages, liquidated damages, and all other relief to which they are entitled.

## Parties

2. Plaintiff Zachary Ellis is an individual residing in Austin, Travis County, Texas, and may be served with papers through the undersigned counsel.

3. Plaintiff Gregory Westover is an individual residing in San Antonio, Bexar County, Texas.  He may be served with papers through the undersigned counsel.

4. Plaintiff Megan Camden is an individual residing in Bastrop, Bastrop County, Texas.  She may be served with papers through the undersigned counsel.

5. Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services is a corporation organized under the laws of the State of Texas.  It may be served with process through its Registered Agent, Mohamad Massoud, at 781 Country Place, Apt. 1087, Houston, Texas 77079.

6. Defendant Mohamad Massoud is an individual residing in Houston, Harris County, Texas.  He may be served with Process at 781 Country Place, Apt. 1087, Houston, Texas 77079.

## Jurisdiction and Venue

7. The Court possesses subject matter jurisdiction over this case because Plaintiff asserts claims under the Fair Labor Standards Act.  Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas, San Antonio Division, because Plaintiff worked for Defendants within the geographic confines of the San Antonio Division and because Defendants maintains operations within the Western District of Texas and the San Antonio Division.

## Statement of Facts

8. Defendant Viking Enterprises operates an ambulance service in San Antonio, Houston, and Dallas, Texas. At all times relevant to this lawsuit, Viking has been an employer within the meaning of the Fair Labor Standards Act, and has had gross annual sales in excess of $500,000.00. Viking is owned, operated, and managed by Defendant Mohamad Massoud, who was directly responsible for the illegal pay practices complained of in this lawsuit. As such Defendant Massoud is likewise an employer within the meaning of the FLSA.

9. Defendants hire and employ EMTs (emergency medical technicians) and paramedics to make ambulance calls, and transport and treat patients. Plaintiff Zachary Ellis worked for Defendants as an EMT from approximately July 2017 until April 2, 2018. Plaintiff Gregory Westover worked as an EMT Paramedic from approximately July 19, 2017 until April 16, 2018, and Plaintiff Megan Camden worked for Defendants as an EMT from approximately November 2017 until March 5, 2018.

10. Although Defendants at times classified some of the EMTs (EMT Basics, EMT Intermediates, and EMT Paramedics) as contractors, the truth is that all of these individuals were really employees. In the case of Plaintiff Ellis, Defendants initially, albeit briefly classified Plaintiff as an employee (when he was paid on an hourly basis and was paid the overtime premium), was then converted to a "contractor," and then finally, was re-converted to employee status. With respect to Plaintiff Westover, he, like many other of Defendants' EMTS, was improperly classified as a contractor throughout the duration of his employment with Defendants. Regarding Plaintiff Megan Camden, she was improperly classified as a "contractor" and paid a day rate from approximately the latter part of November 2017 until January, 2018, when she was made an employee paid on an hourly basis.

11.     Regardless of the classification given to the EMTs/Paramedics by Defendants, the evidence will establish that Defendants controlled the details of the work, provided all facilities, supplies and equipment, and the services provided by Plaintiffs and all other similarly-situated EMTs were integral to Defendants' business.  Moreover, Plaintiffs and all other similarly-situated employees had no opportunity for profit and loss.

12.     Plaintiffs and all other EMTs are non-exempt from the minimum wage and overtime provisions of the FLSA, as no recognized exemption covers them.

13.     Plaintiffs and most, if not all, other EMTs worked extensive amounts of overtime each week.  Despite this fact, Defendants refused to pay Plaintiffs and the other EMTs the required overtime premium in violation of the FLSA.

14.     At all times relevant to this lawsuit, Defendants have known that they were required to classify their EMTs as employees and pay an overtime premium for hours worked over forty each week, but Defendants willfully refused to do so.

## Causes of Action:  Violations of FLSA--
## Failure to Pay Plaintiff and Similarly-Situated Employees the Overtime Premium

15.     Plaintiffs re-allege and reincorporate paragraphs 1 through 14 supra.

16.     Plaintiffs and all similarly-situated EMTs are/were employees, not independent contractors, and were non-exempt from the overtime provisions of the FLSA.

17.     The FLSA requires that covered employers pay non-exempt employees an overtime premium of one-and-a-half times the regular rate for each and every hour worked over forty each workweek.  Plaintiffs further plead that, at all times relevant hereto, Defendants were well aware that of the overtime provisions of the FLSA and that they were required to pay Plaintiffs and similarly-situated employees in compliance with the law.  Nevertheless, Defendants failed to pay Plaintiffs and the referenced employees the required overtime premium.

18. Accordingly, Plaintiffs and all other similarly-situated employees are entitled to recover their overtime premium and an equal amount in liquidated damages. Additionally, because Plaintiffs have been compelled to retain legal counsel to bring this action to recover monies due him, Plaintiffs are entitled to an award of attorney fees.

## Jury Trial

19. Plaintiffs demand a trial by jury.

## Class Certification

20. Defendants subjected all EMTs at all of Defendants' locations to the same unlawful practices under the FLSA, namely, misclassification as independent contractors and failure to pay the appropriate overtime premium for hours worked over forty each week. Accordingly, Plaintiffs seek the certification of a class of all EMTs, whether classified as employees or independent contractors, who provided worked at any of Defendants' locations and who worked in excess of forty hours in some workweeks over the last three years but were not paid an overtime premium of one-and-a-half times the regular rate.

## Prayer

Plaintiffs pray that, upon final judgment, they and all other class members be awarded the following:

   a. All unpaid wages, including unpaid overtime;
   b. An equal amount in liquidated damages;
   c. Attorney fees and costs;
   d. Pre- and post-judgment interest;
   e. All other relief to which Plaintiffs are entitled.

Respectfully submitted,

*[signature]*

Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFFS