IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ZACHARY ELLIS, GREGORY WESTOVER, and MEGAN CAMDEN, Individually, and on behalf of all others similarly situated<br><br>v.<br><br>VIKING ENTERPRISES, INC. d/b/a CITY AMBULANCE SERVICES, and MOHAMAD MASSOUD,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§      CIVIL ACTION NO. 5:18-772-XR<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' POST-TRIAL BRIEFING

TO THE HONORABLE JUDGE CHESTNEY:

Defendants file this Post-Trial Briefing, addressing various points of law raised at the conclusion of the bench trial held on Monday, October 21, 2019, and in response to Plaintiffs' Post-Hearing Brief (Docket No. 37).

1. Defendants content there was ample—and uncontroverted—testimony showing that Defendant Massoud, and consequently his business Defendant Viking, not only believed in good faith that the Plaintiffs could be properly classified as independent contractors, but that both Plaintiffs *wanted* to be classified as independent contractors due to what ended up being overly rosy predictions about how much better they would do tax-wise were they working as independent contractors. It was for this reason that Viking had Plaintiffs sign off on the independent contractor agreements that had been supplied to Viking by an attorney whom Massoud consulted on how to document an independent contracting relationship.

2. Before opting to be reclassified, Plaintiff Ellis discussed the matter with Viking representative Randy Ream, who told Ellis about all of the business deductions Ellis would be entitled to take were Ellis to work as an independent contractor.

3.      Meanwhile, Plaintiff Westover explicitly referred to his most recent professional experience as being that of an independent contractor:

> **PROFESSIONAL EXPERIENCE**
>
> **Independent Contractor,** United States                          JUN 2016 – Present
> - U.S. Department of State WPS II Re-Certification and Training, Protective Security Specialist.
> - Provide Security and Medical support, during National level Client specific operations, in austere and hazardous duty locations worldwide.

Ex. D-8 at 6.

4.      Westover further supplied Viking with a signed IRS Form W-9, attesting under penalty of perjury that he was doing business as an "Individual/sole proprietor or single-member LLC."

> **Form W-9** (Rev. December 2014) Department of the Treasury Internal Revenue Service
>
> **Request for Taxpayer Identification Number and Certification**
>
> 1 Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.
>     Gregory B. Westover
>
> 2 Business name/disregarded entity name, if different from above
>
> 3 Check appropriate box for federal tax classification; check only **one** of the following seven boxes:
> ☑ Individual/sole proprietor or single-member LLC    ☐ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/esta
> ☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶
> Note. For a single-member LLC that is disregarded, do not check LLC; check the appropriate box in the line above for the tax classification of the single-member owner.
> ☐ Other (see instructions) ▶

*Id.* at 31.

5.      Had the Plaintiffs been unsophisticated persons given no choice or input in how they were classified, then that would be one thing. But the evidence at trial established that both Plaintiffs were well-educated, sophisticated actors with experience working for other EMT-service providers.

6.      Ellis testified about working as an employee for another EMT company, which he voluntarily left to work initially as an employee, but later wanting to change to an independent contractor for Viking. Westover was classified as an independent contractor from the start, which

is the position he held just prior to starting work with Viking according to his above-mentioned CV.

7. At one point, Westover tried to explain how his listing himself as an independent contractor for the above-listed company under which he trained was a proper classification even though he was being trained for a job he would ultimately be hired to do. Of course, independent contractors are already trained to do their work or get their training on their own, which just highlights how misunderstood the classification process truly is for everyone involved.

8. The evidence at trial was also uncontroverted that Viking would not have assigned as many shifts to either Plaintiff if they been classified as employees. So, the parties acted in good faith to negotiate with one another over the matter, sincerely believing that the Plaintiffs could get what they wanted (*i.e.*, as many shifts as they could work paid at a day-rate basis with no payroll deductions along with the ability to stay in a fully furnished apartment at no charge) in exchange for giving Defendants' what they wanted (*i.e.*, dependable EMTs who—to their good faith understanding—were not entitled to overtime pay for hours worked in excess of forty).

9. As it turned out, the parties were mistaken. The tax advantages to Plaintiffs were not as clear-cut as previously thought, and neither was the independent contractor classification. But Defendants produced sufficient evidence to prove that they believed in good faith that an independent contractor classification was possible under the circumstances.

10. The undersigned—a trained attorney practicing employment law for close to twenty years—recognizes that courts have held that a plaintiff's subjective belief that he is an independent contractor is not inconsistent with a claim that the plaintiff is an employee under the FLSA. *See Hopkins v. Cornerstone Am.,* 545 F.3d 338, 347 (5th Cir. 2008) ("It is clearly possible for Fox to be an employee under the FLSA even if he *actually believes* himself to be an independent

contractor. . . . '[A] person's subjective opinion that he is a businessman rather than an employee does not his change his status' for purposes of the FLSA." (quoting *Brock v. Mr. W Fireworks, Inc.,* 814 F.2d 1042, 1049 (5th Cir. 1987)). Courts have also found that an FLSA plaintiff is an "employee" even though he claimed to be self-employed on his tax returns. *See, e.g., Robicheaux v. Radcliff Material, Inc.,* 697 F.2d 662 (5th Cir. 1983) (finding that welders were "employees" even though they signed contract stating they were independent contractors, furnished their own equipment and insurance coverage, were self-employed on their tax returns, and had their own business cards).

11.   The Supreme Court has noted—in something of an understatement—that the FLSA definition of "employee" is expansive. *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, 112 S. Ct. 1344 (1992) (noting that the FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles"). Moreover, that a plaintiff has claimed some tax benefits as an independent contractor might be *evidence* that the plaintiff is not an employee, but it's not dispositive. *See, e.g., Carrell v. Sunland Const., Inc.,* 998 F.2d 330, 333 (5th Cir. 1993) (finding that plaintiff's tax returns are relevant to whether plaintiff was an employee under the FLSA).

12.   But the vast majority of small business owners like Defendant Massoud are neither legally trained, nor sufficiently versed in these legal issues to realize that, even where parties have agreed in an extensive, lawyer-supplied document to call a business relationship with multiple hallmarks of independent contracting an independent contracting relationship, it still could be considered an employment relationship requiring overtime pay should the issue be ever litigated.

13.   Indeed, even long-serving legal jurists who routinely pass on such classification issues can reasonably disagree over whether a given record could support an independent

contracting relationship versus an employment relationship. *Cf. Parrish v. Premier Directional Drilling, L.P.*, 280 F.Supp.3d 954 (2017) (finding an employment relationship to have existed after analysis of the *Silk* factors) *with Parrish v. Premier Directional Drilling, L.P.,* 917 F.3d 369 (2019) (applying the same *Silk* factors to arrive at a completely different conclusion).

14. The difference, of course, is when judges or attorneys reasonably disagree about such things, none of them are liable for tens—if not hundreds—of thousands of dollars in unpaid overtime, liquidated damages, and attorney's fees.

15. All of this discussion of the good faith belief in the righteousness of classifying Plaintiffs as independent contractors begs the question: why didn't the Defendants steadfastly defend the independent contractor classification through summary judgment proceedings and trial?

16. Because as can be seen from the whipsaw turn of events in the *Premier Drilling* cases discussed during closing arguments before the Court, the combined discovery and briefing on both sides that would have been necessary to argue about the classification issue itself would have easily eclipsed the amount of overtime allegedly due, even if the liquidated damages were included. And this is to say nothing of the additional attorney's fees and costs that would have been borne by Defendants if they were ultimately wrong.

17. So instead of fighting to the hilt, the Defendants have to some extent fallen on their sword, and now only ask the Court not to heap insult on injury by assessing liquidated damages. In arguing for this leniency, the Defendants are not advocating for anything change in the case law or statute because the necessary authority has always resided in the sound discretion of the court where it is shown to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that the Defendants had reasonable grounds for believing that their act or omission was not a violation of the Fair Labor

Standards Act of 1938, as amended. Thus, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of" the FLSA. 29 U.S.C. Ch. 9, § 260.

Respectfully submitted,

_____
**DAVID M. EVANS**
**ATTORNEY & COUNSELOR AT LAW**
State Bar No. 24032163
david@dmeacl.com
118 East Ashby Place
San Antonio, Texas 78212
210.880.4606 (direct)
210.800.9876 (facsimile)
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a true and correct copy of same to all counsel of record entitled to notice of same.

_____
**DAVID M. EVANS**