IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ZACHARY ELLIS, GREGORY WESTOVER, and MEGAN CAMDEN, Individually and On Behalf of All Others Similarly-Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIKING ENTERPRISES, INC. d/b/a CITY AMBULANCE SERVICES, and MOHAMAD MASSOUD,<br><br>Defendants. | Civil Action No. 5:18-cv-00772-ESC |

## PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY FEES

Plaintiffs Zachary Ellis and Gregory Westover file this Unopposed Motion for Attorney Fees and show the following:

### Introduction

On November 22, 2019, the Court issued its Findings of Fact and Conclusions of Law determining that Defendants are liable to Plaintiffs under the Fair Labor Standards Act. The Court also ordered Plaintiffs to file a Motion for Attorney Fees.

Plaintiffs' counsel and his paralegal kept contemporaneous time records for all activities performed in the representation of Plaintiffs in this matter. Following the entry of the Court's Findings of Fact and Conclusions of Law, the undersigned reviews the time records to identify any entries that were duplicative, excessive, related to non-billable administrative tasks, or otherwise inappropriate under applicable case law. During this exercise of "billing judgment," several

entries were excluded altogether and several others reduced. Entries relating exclusively to settling Plaintiff Megan Camden were also removed. The total fees come to $25,025.84 and the costs of court equal $2400.90. The revised time records were then sent to Defendants' counsel, in completely unredacted form, for his review and comment. Defendant's counsel has advised that Defendants are unopposed to this Motion.

## Attorney and Paralegal Fees

The Court most recently summarized the legal standards for the recovery of attorney fees in an FLSA action in *West v. Zedric's LLC*, 5:19-cv-00556-FB (Dkt. 12, pgs. 2-4). Essentially, the Court must use a lodestar method to calculate the appropriate fee award. This involves multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work. After calculating the lodestar, the Court may then decrease or enhance the award based on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). In this case, Plaintiffs seek only the lodestar amount, and do not request an enhancement under *Johnson*.

The undersigned and his paralegal incurred a total of 79.52 hours working on this case from its inception through the filing of this Motion for Attorney Fees. This includes 75.38 hours worked by the undersigned as well as 4.14 hours worked by paralegal Sarah Figueroa. Attached hereto as Exhibit 1 (filed under seal) is an unredacted fee statement with each time entry describing the work performed. The undersigned represents to the Court that the hours worked were both reasonable and necessary. *See* Michael Galo Decl., para. 4, Ex. 2.

With respect to the setting of appropriate hourly rates, Plaintiffs contend that the undersigned's time should be compensated at the rate of $325.00 per hour, and that paralegal Sarah Figueroa's time should be compensated at the rate of $125.00 per hour. The undersigned has been

licensed for 25 years (November, 1994). Since completing a federal judicial clerkship, the undersigned has devoted his practice to both traditional labor law and employment law, first at a big law firm, and since 2005, on his own. He has been board certified in labor and employment law since 1999. Galo Decl., para. 1, Ex. 2.

This Court along with other courts in the San Antonio Division have held that the going rate for an experience labor and employment practitioner is $325.00 per hour. *See, e.g., West*, Dkt. 12, pgs. 7-8; *Furlow v. Bullzeye Oilfield Servs.*, LLC, 2019 WL 1313470 (W.D. Tex. Jan. 3, 2019). In addition to cases such as this one where his clients are represented on contingent-fee basis, the undersigned does a substantial amount of work for businesses, both large and small, on an hourly basis. The undersigned typically charges and is paid between $300.00 and $350.00 per hour. (A few longstanding, high-volume clients are still charged $300.00 per hour, but most are charged $350.00 per hour). Galo Decl., paras. 1 &2, Ex. 2.

The proposed rate of $125.00 for paralegal Sarah Figueroa is also reasonable. Ms. Figueroa is a college graduate and a graduate of UTSA's paralegal program, and she has worked for the undersigned for over four years where she was learned the intricacies of employment law. The rate of $125.00 is also the minimum rate that the undersigned charges and collects from his hourly clients for Ms. Figueroa's work. In fact, during the last year, her billing rate charged to hourly clients has been $150.00   Galo Decl., para. 4, Ex. 2. Five years ago, in 2014, the State Bar of Texas Paralegal Division Survey published a survey indicating that the median hourly billing rate for paralegals in San Antonio was $121.00. *See* https://txpd.org/files/file/SalarySurvey/2014%20Salary%20Survey%20Results%20Final.pdf

Accordingly, Plaintiff's request that the Court set Michael Galo's hourly rate at $325.00 and paralegal Sarah Figueroa's hourly rate at $125.00.

Based on the lodestar method, Plaintiffs request that the Court award a total of $25,025.84 for reasonable and necessary attorney fees. In the undersigned's opinion, this is eminently reasonable given the work performed and the recovery. Galo Decl., para. 4, Ex. 2.

### Costs of Court

Lastly, Plaintiffs' seek an award of taxable costs in the amount of $2400.90. This includes the following items:

1. Filing fee: $400.00;
2. Deposition costs (depositions of Mo Massoud, Alex Quinones, and Randy Ream): $900.90
3. Mediation fee (mediator Michael Curry): $1100.00

Supporting documentation for these costs of court are attached as Exhibit 3.[1]

### Conclusion and Prayer

Plaintiffs pray that the Court award them $25,025.84 in attorney and paralegal fees, and $2400.90 in taxable costs.

---

[1] Plaintiffs are separately filing a bill of costs.

Respectfully submitted,

By: /s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
mgalo@galolaw.com

4230 Gardendale, Bldg. 401
San Antonio, TX 78229
Tel: 210/616-9800
Fax: 210/616-9898
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following counsel of record through the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure on this 6th day of December, 2019.

David M. Evans
ATTORNEY AND COUNSELOR AT LAW
118 East Ashby Place
San Antonio, Texas 78212
**via Electronic Filing System**

/s/ Michael V. Galo, Jr.
MICHAEL V. GALO, JR.

## CERTIFICATE OF CONFERENCE

I hereby certify that I spoke to Counsel for Defendants, Mr. David Evans, who has advised me that Defendants are unopposed to this Motion.

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.